IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORETTA E. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0302-WS-C |
| | ) |
| ALORICA, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for extension of time. (Doc. 13). Upon consideration, the Court concludes the motion is due to be granted in part.

The complaint was filed on June 9, 2015, and the defendant has yet to be served. The plaintiff's failure to perfect service within 120 days after filing the complaint exposes her action to dismissal without prejudice under Federal Rule of Civil Procedure 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

The Court ordered the plaintiff to show cause why this action should not be dismissed under Rule 4(m), (Doc. 12), and the instant motion followed. The plaintiff states that her original attorney did not seek issuance of summons until August 25, 2015 and that he withdrew in favor of present counsel on September 29, 2015. (Doc. 13). Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). In particular, "inadvertence of [the] attorney" does not constitute good cause. *Anderson v. Iron Will, Inc.*, 2008 WL 2157145 at *2 (S.D. Ala. 2008) (internal quotes omitted). Because the plaintiff has shown only counsel's inadvertence, she has not shown good cause.

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the re-filing of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. Since the plaintiff states that the defendant "has no current knowledge of the lawsuit pending against it," (Doc. 13 at 1), the first two of these factors cannot favor an extension of time.

The plaintiff brings claims for discrimination, retaliation and failure to accommodate under the Americans with Disability Act, as well as a claim under the Family and Medical Leave Act ("FMLA") and a claim for breach of contract. (Doc. 1). The FMLA claim challenges the plaintiff's termination in February 2015; the breach of contract claim challenges the failure to pay the plaintiff her final paycheck in or after February 2015. (*Id*. at 12, 16-17). The statute of limitations would not bar the re-filing of these claims should the action be dismissed under Rule 4(m).[1] However, the ADA claims, since they must be brought within 90 days after receipt of a right-to-sue letter, might be subject to a limitations defense if this action is dismissed.[2] The Court therefore in its discretion will afford the plaintiff additional time within which to effect service of process.

The plaintiff asks for an additional 60 days in which to effect service of process. (Doc. 13 at 2). The Court cannot perceive why such an extended period is required; a one-minute search of the Alabama Secretary of State's online records reveals the identity and address of the defendant's registered agent.

---

[1] The FMLA statute of limitations is two years. 29 U.S.C. § 2617(c)(1). The Alabama statute of limitations for a breach of contract claim is six years. Ala. Code § -.

[2] The right-to-sue letter is dated March 11, 2015. (Doc. 6-1).

For the reasons set forth above, the motion for extension of time is **granted in part**. The plaintiff is **ordered** to file, on or before **December 7, 2015**, proof of service on the defendant, failing which this action will be dismissed without prejudice pursuant to Rule 4(m) without further notice. To the extent the plaintiff seeks other or additional relief, her motion is **denied**.

DONE and ORDERED this 6th day of November, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE